UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Steven Lessard

    v.                                      Civil No. 23-cv-399-LM
                                          Opinion No. 2024 DNH 088 P

United States of America

**ORDER**

Steven Lessard, proceeding pro se, seeks habeas corpus relief under 28 U.S.C. § 2255 from his sentence for conspiracy to distribute and to possess with intent to distribute a controlled substance.[1] See United States v. Lessard, 18-cr-33-JL-26 (D.N.H. May 17, 2021) (judgment). Lessard raises three ineffective assistance of counsel claims: (1) failure to obtain potential impeachment material from the prosecution; (2) inadequately preparing for trial and failing to raise pre-trial issues regarding the admissibility of evidence; and (3) failing to litigate motions to suppress based on the inadequacy of a search warrant. Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court denies Lessard's motion without an evidentiary hearing. Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007), abrogated on other grounds by Weaver v. Massachusetts, 582 U.S. 286 (2017).

---

[1] Lessard also filed a motion to amend his habeas petition less than a month after he filed his original petition. Doc. no. 2. It does not appear the government has registered any opposition to the requested amendment. Doc. no. 2 is therefore granted without objection.

## STANDARD OF REVIEW

A prisoner in custody under a sentence of a federal district court may seek release "on the ground that the sentence was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C § 2255(a). When a court considers a § 2255 petition without holding an evidentiary hearing, sworn allegations in the petition are taken as true "unless those allegations are merely conclusory, contradicted by the record, or inherently incredible." Owens, 483 F.3d at 57 (quotation omitted).

## BACKGROUND

Lessard was charged with conspiracy to distribute and to possess with intent to distribute a controlled substance as part of a large drug trafficking operation based out of Lawrence, Massachusetts. The operation was the subject of a federal investigation involving both a wiretap and physical surveillance and included federal and state agencies across Massachusetts and New Hampshire. Intercepted phone calls led investigators to conduct surveillance of, and eventually obtain a search warrant for, Lessard's home. Probable cause for the search warrant rested on an affidavit provided by Detective David Lavoie of the Lowell, Massachusetts Police Department, detailing some of the intercepted phone conversations between Lessard and other members of the drug organization and the surveillance conducted by police. The warrant was issued by a clerk magistrate of the District Court of Lowell, Massachusetts.

When the investigators, members of the Lowell Police Department and the New Hampshire State Police, searched Lessard's home, they found fentanyl, firearms, ammunition, large amounts of cash, and scales. The items seized were in various parts of the house, including a shared basement that could be accessed through a door inside the house. The Lowell Police Department and New Hampshire State Police also conducted surveillance of Paul Aaron, a co-defendant who was eventually charged with one count of conspiracy to distribute a controlled substance.

Lessard was charged as part of a larger case targeting the entire Lawrence-based drug organization. He retained Attorney Charles Keefe to represent him. Attorney Keefe, on Lessard's behalf, moved to suppress evidence from the search of Lessard's home and statements Lessard made to officers during the search. The motion focused on items found in Lessard's basement and was not based on the warrant itself being deficient. The court denied the motion after a hearing.[2]

At around the same time, during a suppression hearing for Aaron, an agent testifying on behalf of the prosecution made statements that called into doubt the accuracy of the probable cause affidavit used to obtain the search warrant for Aaron's home. As a result, both the Lowell and New Hampshire State police departments opened investigations into the officers involved with that search. Some

---

[2] Attorney Keefe withdrew a separate motion to suppress statements as moot after the prosecution indicated it would not be using the statements at issue.

of the officers put under investigation had also been involved in the search of Lessard's home.

Attorney Keefe, on Lessard's behalf, moved for discovery of Brady/Giglio material related to the Lowell and New Hampshire State police investigations into the Aaron case. The prosecution produced materials related to the Lowell investigation but did not address the New Hampshire investigation in its response, nor produce any materials from it. Eleven days after receiving the prosecution's response to his discovery request, and one day before the trial was set to begin, Lessard entered into a plea agreement, with the help of Attorney Keefe. Attorney Keefe did not raise the issue of the New Hampshire investigation materials again before Lessard entered into the plea agreement.[3]

Four months later, before sentencing, Attorney Keefe moved to withdraw as Lessard's attorney. The court appointed Attorney Mark Shea as substitute counsel for Attorney Keefe and continued the sentencing hearing to an undetermined date to allow Lessard and his new counsel to confer regarding the plea that Lessard had entered into. Lessard, through Attorney Shea, then moved to withdraw his guilty plea, citing, inter alia, ineffective assistance of counsel by Attorney Keefe. Attorney Shea moved for additional discovery, but a month later Lessard withdrew his motion to withdraw his guilty plea and entered into the same plea agreement he

---

[3] Later in the case, Lessard's second attorney, Mark Shea, again moved for discovery of the New Hampshire investigation materials. In response to that request, the prosecution indicated that it had never possessed any materials related to the New Hampshire investigation. The court then denied the second discovery motion as moot. See Endorsed Order of Apr. 29, 2021.

had previously entered into with Attorney Keefe's assistance. Lessard received a sentence of 150 months' imprisonment and is currently in custody.

## DISCUSSION

Lessard raises three ineffective assistance of counsel claims, all concerning Attorney Keefe's representation. The touchstone for any ineffective assistance of counsel claim is the two-part test laid down by the Supreme Court in <u>Strickland v. Washington</u>—first, that counsel's performance was deficient to the point that "[he was] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and second, that "the deficient performance prejudiced the defense." <u>United States v. Colon-Torres</u>, 382 F.3d 76, 85-86 (1st Cir. 2004) (quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)). "[I]n the context of guilty pleas, the first half of the <u>Strickland v. Washington</u> test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases]. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." <u>Id.</u> at 86 (quoting <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985)). A defendant bringing an ineffective assistance of counsel claim after a guilty plea must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Id.</u> (quoting <u>Hill</u>, 474 U.S. at 59).

All three of Lessard's ineffective assistance of counsel claims fail for the same reason: after accepting the guilty plea, but before sentencing, Lessard obtained new counsel and moved to withdraw from the plea. This new counsel, Attorney Mark Shea, was aware of all the issues that Lessard now raises in his § 2255 complaint, as he raised the same arguments in the motion to withdraw from the guilty plea (18-cr-33-JL-26, doc. no. 982). A month after moving to withdraw from the plea, and before the court ruled on the motion, Lessard decided to re-enter the original plea with the help of Attorney Shea, negating any lasting impact of Attorney Keefe's representation. Because all three of Lessard's ineffective assistance of counsel claims concerning Attorney Keefe's representation fail the prejudice prong of the Strickland test, the court does not need to decide whether Attorney Keefe's performance was deficient.[4]

I. Claim One

Lessard's first claim centers on Attorney Keefe's failure to obtain materials from the New Hampshire State Police's investigation into the conduct of their officers. Lessard "adamantly denie[s]" that the drugs and cellphone that police "allegedly recovered" from his home actually belonged to him, doc. no. 1 at 13, and argues that the investigative materials would have allowed him to successfully impeach the credibility of the police who had searched his home. He also alleges that Attorney Keefe misrepresented to him the outcome of the Lowell investigation,

---

[4] Similarly, no evidentiary hearing is required because "the motion and the files and records of the case conclusively show" that Lessard's claims all fail the prejudice prong. Owens, 483 F.3d at 57.

including by telling him that the officers involved had been "cleared of all wrongdoing." Id. at 14. Lessard argues that, but for Attorney Keefe's failure to obtain the investigation materials and alleged misrepresentations, he would have proceeded to trial instead of accepting the plea deal that was offered.

Lessard raised the same arguments about Attorney Keefe's failure to obtain the New Hampshire State Police investigation materials and his alleged misrepresentations about the Lowell investigation in the motion to withdraw from the guilty plea. Both motions were filed by Attorney Shea after Attorney Keefe had withdrawn from Lessard's representation. So, when Lessard voluntarily re-entered the same plea bargain a month after moving to withdraw his guilty plea, he did so with advice from new counsel who was aware of the investigations and their potential value as impeachment material, as well as any arguments Lessard might have made about flaws in Attorney Keefe's representation. Thus, Lessard cannot make the required showing that, but for Attorney Keefe's alleged errors, "he would not have pleaded guilty and would have insisted on going to trial." Colon-Torres, 382 F.3d at 86 (quoting Hill, 474 U.S. at 59).

II. Claim Two

Lessard's second claim centers on his relationship with Attorney Keefe and his lack of confidence in Attorney Keefe's willingness and ability to represent Lessard at trial. Lessard claims that "he knew he would never stand a chance with Mr. Keefe representing him," and that he "pled guilty only to avoid being thrown to

7

the lions." Doc. no. 1 at 16. He alleges that Attorney Keefe made misrepresentations about potential witnesses, failed to interview potential defense witnesses, failed to provide Lessard with all of the discovery in the case, and failed to file motions in limine objecting to the admission of certain evidence at trial, all of which undermined his confidence in Attorney Keefe's representation. He further alleges that Attorney Keefe incorrectly informed him that he was accepting a "global" plea deal in which Lessard's state and federal pleas would be considered together and the sentences run concurrently. The fact that the plea deal was not "global," he asserts, prevents him from participating in the RDAP drug program because Massachusetts has lodged an active detainer against him.

      This claim fails for the same reason as the first. Lessard raised nearly identical arguments in his motion to withdraw from the guilty plea. For example, Lessard argued in that motion that he should be allowed to withdraw his guilty plea because "Attorney Keefe's inadequate trial preparation coerced Lessard's plea. Lessard avers that Attorney Keefe did not file any motions in limine . . . did not litigate keeping out Lessard's DYS and New Hampshire conviction . . . did not provide Lessard with all the discovery in the case . . . had not conducted investigation requested by Lessard . . . [and] did not move to suppress his jail phone calls." Lessard, 18-cr-33-JL-26, doc. no. 982 at 8. He also argued in his plea withdrawal motion that the parties failed to tell the court at the change of plea hearing that there was a "side deal" whereby Lessard's state and federal court pleas were to be considered "global" and the "[sentences] to run concurrently." Id. at 5.

8

Thus, all the grounds for Attorney Keefe's allegedly inadequate trial preparation, as well as the alleged issues raised by the fact that the plea deal was not "global," were known to and raised by Lessard's second attorney. The fact that under the advice of that attorney Lessard attempted to withdraw from, then voluntarily re-entered, the same plea agreement negates any potential prejudice posed by Attorney Keefe's representation. See Colon-Torres, 382 F.3d at 86.

III.  Claim Three

Lessard's third claim is that Attorney Keefe failed to challenge the search warrant that Lowell police obtained to search his home. Lessard claims that the investigators failed to comply with Rule 41 of the Federal Rules of Criminal Procedure by requesting the search warrant from a state "clerk," rather than a federal magistrate judge, as the rule requires. Doc. no. 1 at 18. Lessard suggests that the investigating officers deliberately sought to avoid the strictures of Rule 41 by "walling off" certain officers from the federal investigation in an attempt to use more allegedly lenient state court procedures to obtain a search warrant. Id. A successful challenge to the warrant under Rule 41, in Lessard's view, would have deprived the prosecution of the majority of the evidence against him and ultimately resulted in a dismissal.

Like claims one and two, Lessard's third ineffective assistance of counsel claim fails the Strickland prejudice prong. As with the other claims, Lessard first raised arguments regarding Attorney Keefe's failure to fully litigate the sufficiency

9

of the search warrant and the officer's compliance with Rule 41 in his motion to withdraw from the guilty plea, filed by Attorney Shea. There, Lessard argued that "[g]iven [the] truly federal [] nature [of the investigation,] then Fed. R. Crim. P. 41(b) therefore required any search warrant to be issued by a federal magistrate judge, if reasonably possible, rather than a state court judge." Lessard, 18-cr-33-JL-26, doc. no. 982 at 12. He also argued in his plea withdrawal motion that further investigation was required to determine whether federal agents used state officers and more allegedly flexible state procedures as a means of avoiding the strictures of Rule 41. Lessard then re-entered his original plea agreement under the advice of Attorney Shea, who was aware of the alleged non-compliance with Rule 41 and any need to conduct additional investigation. Because he re-entered into the plea agreement under the advice of an attorney who was aware of the potential Rule 41 issues, Lessard cannot show prejudice caused by Attorney Keefe's representation. See Colon-Torres, 382 F.3d at 86.

## CONCLUSION

Lessard's motion to amend, doc. no. 2, is granted. However, because Lessard cannot show that, but for Attorney Keefe's representation, he would not have pleaded guilty and would have gone to trial, his three claims of ineffective

10

assistance of counsel fail. His motion for relief under 28 U.S.C. § 2255 is therefore DENIED.

      SO ORDERED.

                                                  _____
                                                  Landya B. McCafferty
                                                  United States District Judge

October 3, 2024

cc:  Steven Lessard, pro se
      Counsel of Record
.